Wanamaker, J.
The one single question in this case is whether or not the petition describes such an interest or estate in land as may be partitioned, either under the statute, or in equity.
Section 12026, General Code, reads :■
“Tenants in common, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof in the manner hereinafter prescribed.”
*349 The general doctrine touching what is partitionabie is ably and concisely discussed in 30 Cyc., 152:
“Anciently the word ‘partition’ was employed only with reference to a division of lands by parceners or coheirs which had descended to them by law or by custom. The word has long ceased to be used in this restricted sense. Herein it is intended to include every means by which property held by two or more persons in cotenancy is converted into estates in severalty aud thereby divided among them, either by assigning parts to be held in severalty or by making a sale of the whole and awarding to each his share of the proceeds.”
The same authority, volume 16, page 599, summarizing the definitions and applications of the term “estate,” as used in the statute, says:
“An estate in land is the degree, quantity, nature, or extent of interest which a person has in it. * "While in its primary and technical sense the term ‘estate’ refers only to an interest in land, yet by common usage it has acquired a much wider import and application, being applied to personal property as well as realty, and in its most extreme sense signifying everything of which riches or fortune may consist. In many cases therefore its precise meaning can only be ascertained from the context, or the circumstances under which it is used. As applied to land it does not necessarily import a fee or even a freehold, but merely the quantity of interest a person has from absolute ownership to naked possession, and is applied to rights in land, both in possession * *
And numerous cases are cited in support of the doctrine.
*350 An action in partition is naturally and necessarily remedial in character, and, therefore, under the general rule long and soundly established, should he liberally construed.
We hold, therefore, that, under statutory partition, a leasehold for oil and gas, with the right to the use of the fee for the purposes of producing oil or gas, or of drilling for or otherwise discovering the same, in an estate of land such as contemplated bv the statute, may he the subject of partition.
Feudalism, which rigorously and strictly fixed the law of estates, can no longer be applied to the entirely different and more varied industrial, economic and business conditions of the twentieth century.
But the petition in this case, the demurrer to which was overruled, went much farther than is required by the statute and set up an equitable cause of action, averring that the copartners were unable to agree as to the management and control of the property held by them in common; that by reason thereof the property was suffering and its development retarded.
The petition further avers that the defendants had refused to pay their fair and just share of the expense incident to the full use and development under the lease, and therefore prayed for an equitable partition, and, pending the same, for a receiver.
If the petition was insufficient for a statutory partition, it clearly is sufficient for an equitable partition. Where there is a wrong pleaded, equity should he far-reaching enough and sufficiently adaptable to furnish a remedy for that wrong. Such'a wrong is presented by the petition.
*351 The demurrer was rightfully overruled, and the partition was lawfully and equitably ordered.

Judgment affirmed.

Marshall, C. J., Johnson, Jones and Matthias, JJ., concur.
Robinson, J., took no part in the consideration or decision of the case.